UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE TRACY o/b/o MICHAEL P.
TRACY,

                    Plaintiff,            **No. 1:15-CV-00980 (MAT)**
        -vs-                              **DECISION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

## I.   Introduction

     Represented by counsel, Christine Tracy ("plaintiff") brings this action on behalf of her deceased son, Michael P. Tracy ("M.P.T.") pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff's and M.P.T.'s applications for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, plaintiff's motion is granted and this matter is reversed and remanded solely for the calculation and payment of benefits.

## II.  Procedural History

     The record reveals that in October 2009, M.P.T. (d/o/b April 4, 1972) applied for DIB and SSI,[1] alleging disability

---

[1] Plaintiff's claim for SSI was dismissed by an Appeals Council order dated September 17, 2015, and plaintiff has not contested that decision.

beginning September 26, 2009. After his applications were denied, M.P.T. requested a hearing, which was held before administrative law judge Robert Harvey ("the ALJ") on May 18, 2011. On June 1, 2011, the ALJ issued an unfavorable decision. The Appeals Council denied review of that decision and M.P.T. brought an action in this Court on July 20, 2012. By stipulation of both parties, on March 20, 2013 the matter was remanded to the Commissioner for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). See Tracy v. Colvin, No. 1:12-CV-00683, doc. 10 (Skretney, J.). In compliance with this Court's order, on March 8, 2014, the Appeals Council issued an order remanding the case with specific instructions to the ALJ which will be more fully discussed below.

M.P.T. passed away on May 23, 2014. At the second hearing held on July 16, 2014, M.P.T.'s mother testified that at the time of his death, M.P.T. was single and lived with plaintiff. According to plaintiff, "the death certificate indicated the cause of death was related to his cardiac [condition]." T. 570. Plaintiff testified that M.P.T. had been sick for a week, not eating or drinking, yet he refused to go to the hospital despite urging from plaintiff and other family members. On May 23, 2014, plaintiff returned home from a doctor's appointment to find that M.P.T. had passed away. On September 23, 2014, the ALJ issued a second unfavorable decision. The Appeals Council denied review of that decision and this timely action followed.

### III. The ALJ's Decision

In his decision following remand, the ALJ found that M.P.T. met the insured status requirements of the Act through September 30, 2009. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that M.P.T. had not engaged in substantial gainful activity since his alleged onset date, September 26, 2009. At step two, the ALJ found that M.P.T. suffered from the severe impairments of intermittent explosive disorder and obesity. At step three, the ALJ found that M.P.T. did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. Regarding mental functioning, the ALJ found that no restrictions of activities of daily living ("ADLs"), and mild restrictions in social functioning and maintaining concentration, persistence or pace. The ALJ found that M.P.T. had one to two prior episodes of decompensation of extended duration.

Before proceeding to step four, the ALJ determined that M.P.T. retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) "except [he] would have occasional limitations in ability to deal with stress; [he] retained ability to perform the basic mental demands of unskilled work including understand[ing], remember[ing] and carry[ing] out simple instructions, . . . respond[ing] to co-workers, supervisors and usual work situations, and deal[ing] with changes in routine work settings." T. 538. At step four, the ALJ found that M.P.T. was capable of performing his past relevant work

as a material handler, as he actually performed it. Accordingly, the ALJ determined that M.P.T. was not disabled and did not proceed to step five.

## IV.  Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff argues that the ALJ failed to follow the Appeals Council's order on remand in several respects. An ALJ is required to "take any action that is ordered by the Appeals Council." 20 C.F.R. §§ 404.977(b), 416.1477(b). Accordingly, "[an] ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand." Scott v. Barnhart, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009). For the reasons discussed below, the Court finds that the ALJ failed to carry out the instructions given by the Appeals Council on initial remand of this case.

The Appeals Council's March 8, 2014 order noted that the ALJ gave little weight to the opinion of treating psychiatrist Dr. Liong Tjoa, but failed to give an adequate explanation why Dr. Tjoa's opinion was rejected. The record reveals that M.P.T. treated with Dr. Tjoa since 2003 and he was seen every one to two

months for medication management. On November 24, 2009, Dr. Tjoa
completed a mental RFC questionnaire in which he opined that M.P.T.
struggled with boundaries and positive coping in a work setting,
with increased symptoms in stressful situations, in addition to
acting out behaviors and poor coping. As the Appeals Council
recognized:

> Dr. Tjoa also noted that [M.P.T.] has a low IQ or reduced
> intellectual functioning in that he [had] a learning
> disability; he [had] marked symptoms as a result of
> stress and anxiety resulting in absence from work due to
> mental stress; and he [was] unable to hold competitive
> work but [was] able to manage his funds. It was the
> opinion of Dr. Tjoa that the earliest of the limitations
> apply is approximately January 2006; and that claimant
> would miss more than four days per month due to his
> impairment.

T. 619; see T. 356-61. The Appeals Council further noted that the
ALJ gave little weight to the April 4, 2011 opinion of Juliane
Reich, LMSW, finding there was no history of treatment with LMSW
Reich. However, "the record reveals Ms. Reich worked at the same
location as Dr. Tjoa, where [M.P.T.] treated since 2003." T. 619.
The Appeals Council pointed out that it was unclear whether any
attempt was made to secure treatment records from LMSW Reich.

The Appeals Council also noted that the ALJ failed to discuss
the March 1, 2010 opinion from reviewing state agency psychologist
Dr. H. Tzetzo. "In pertinent part, Dr. Tzetzo's opinion suggests
greater limitation than assessed in the decision in that [it opined
that M.P.T.] had marked limitations in his ability to interact with
the general public, maintain socially appropriate behavior and
adhere to basic standards of neatness and clenliness, and set
realistic goals or make plans independently of others." Id.; see

T. 406-19. Additionally, Dr. Tzetzo opined that M.P.T. "should maintain low contact with the public." Id.

In accordance with these findings, the Appeals Council specifically directed the ALJ to give further consideration to the treating and nontreating source opinions, and "[a]s appropriate," to "request the treating and nontreating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what [M.P.T.] can still do despite [his] impairments." T. 619. The Appeals Council directed the ALJ to "[f]urther evaluate [M.P.T.'s] mental impairments in accordance with the special technique described in 20 C.F.R. 404.1520a and 416.920a documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. 404.1520(c) and 416.920(c)." T. 619. The Appeals Council also directed the ALJ to give further consideration to M.P.T.'s RFC and to provide a function-by-function assessment, with specific reference to evidence of record supporting the assessed limitations. Finally, the Appeals Council ordered the ALJ to, "[i]f warranted by the expanded record, obtain evidence from a [VE] to clarify the effect of the assessed limitations on [M.P.T.'s] occupational base." T. 620.

Plaintiff contends that the ALJ made reversible errors at step two of the sequential evaluation process, by erroneously finding that M.P.T.'s learning disability and borderline functioning were non-severe. Plaintiff also contends that the ALJ failed to follow

6

the "special technique" described in 20 C.F.R. §§ 404.1520a and 416.920a, as he was ordered to do by the Appeals Council. Additionally, plaintiff argues that the ALJ improperly ignored M.P.T.'s diagnoses of bipolar disorder, schizophrenia, and heart conditions, and failed to properly apply the treating physician rule to Dr. Tjoa's opinion. The Court agrees.

The Appeals Council's order included a lengthy discussion of M.P.T.'s mental impairments, noting his diagnoses of reduced intellectual functioning and a learning disorder, and pointing out M.P.T.'s history of treatment with Dr. Tjoa, who opined that M.P.T. suffered from limitations which, if given controlling weight, would establish M.P.T.'s disability as a matter of law. Despite the Appeals Council's instructions, however, the ALJ failed to even discuss M.P.T.'s diagnoses of a learning disability, borderline intellectual functioning, schizophrenia, and bipolar disorder. In failing to consider the above-mentioned mental impairments, the ALJ also failed to follow the Appeals Council's order to properly follow the special technique set forth in 20 C.F.R. § 404.1520(c). Additionally, the ALJ did not even discuss the opinion of reviewing psychologist Dr. H. Tzetzo, whose opinion the Appeals Council explicitly ordered the ALJ to consider. As noted above, Dr. Tzetzo, based on a review of the record, found that M.P.T. had marked limitations in several areas of functioning. The ALJ, however, found that M.P.T. had no restrictions in ADLs and only mild limitations in social functioning and concentration, persistence, or pace.

Moreover, on remand the ALJ once again gave treating psychiatrist Dr. Tjoa's opinion little weight, finding that it was "not supported by [consulting examiner] Dr. Baskin's report plus the claimant reported the he likes people plus Dr. Tjoa's opinion in [his treatment notes] [did] not support [his] opinion in [Dr. Tjoa's mental RFC questionnaire]." T. 546. In addition to the limitations noted by the Appeals Council in its order, Dr. Tjoa's opinion detailed eleven areas of work functioning in which M.P.T. was "unable to meet competitive standards" and four areas in which M.P.T. had "no useful ability to function," including "[d]eal[ing] with normal work stress." T. 359-60.[2] As discussed above, M.P.T. treated with Dr. Tjoa on a consistent basis from 2003 through the relevant time period. The record reveals that Dr. Tjoa managed M.P.T.'s medications on a regular basis, and prescribed, among other medications, Risperdal, an antipsychotic generally used for treatment of bipolar and schizoaffective disorder. The Court agrees with plaintiff that the ALJ failed to provide the requisite "good reasons" for rejecting Dr. Tjoa's opinion. See, e.g., Miller v. Colvin, 122 F. Supp. 3d 23, 31 (W.D.N.Y. 2015).

In sum, it is clear from the ALJ's decision that he committed legal error in failing to follow the Appeals Council's instructions. See Scott, 592 F. Supp. 2d at 371. Moreover, the Court finds that pursuant to the treating physician rule, see

---

[2] The ALJ also gave little weight to LMSW Reich's opinion that M.P.T. had no useful ability to function in four functional areas and was unable to meet competitive standards in seven areas. LMSW Reich, like Dr. Tjoa, opined that M.P.T.'s limitations would cause him to miss more than four days of work per month and emphasized M.P.T.'s problems dealing with normal stressors. LMSW Reich's opinion, however, was fully consistent with Dr. Tjoa's opinion and provided an additional treating source's perspective.

20 C.F.R. § 416.927(c)(2), Dr. Tjoa's opinion should have been given controlling weight. Given this weight, the opinion established M.P.T.'s disability as a matter of law. See Beck v. Colvin, 2014 WL 1837611, *15 (W.D.N.Y. May 8, 2014) ("Substantial evidence exists in the record to warrant giving deference to the opinions of plaintiff's treating psychiatrist, and when that deference is accorded, a finding of disability is compelled.") (citing Spielberg v. Barnhart, 367 F. Supp. 2d 276, 283 (E.D.N.Y. 2005) ("[H]ad the ALJ given more weight to the treating sources, he would have found plaintiff disabled. . . .")). The Court finds that in the present case, further administrative proceedings would serve no purpose, especially considering the considerable length of time this claim has been pending since its original filing on October 26, 2009. See Bogdan v. Colvin, 2016 WL 1398986, *4 (W.D.N.Y. Apr. 11, 2016) (citing McClain v. Barnhart, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004)).

## V.   Conclusion

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (Doc. 14) is denied and plaintiff's motion (Doc. 10) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     January 23, 2017
           Rochester, New York.